IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-490

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.

ADAM BLAKE and BILLY M. WENTZ,

    Defendants.

**COMPLAINT**

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, Plaintiff Northwestern Mutual Life Insurance Company files this Complaint and alleges the following:

### PARTIES

1. Plaintiff Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a mutual life insurance company organized and existing under the laws of the State of Wisconsin, and its principal place of business is located in Wisconsin. Northwestern Mutual is duly licensed to transact insurance business in the State of North Carolina by the Commissioner of the North Carolina Department of Insurance.

2. Upon information and belief, Defendant Adam Blake is citizen of the State of North Carolina and resides in Mecklenburg County, North Carolina.

3. Upon information and belief, Defendant Billy M. Wentz is citizen of the State of North Carolina and resides in Mecklenburg County, North Carolina.

### JURISDICTION

4. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the Plaintiff is a citizen of a different state than the Defendants and the amount in

controversy exceeds $75,000, exclusive of interest and costs. Specifically, for purposes of 28 U.S.C. § 1332, Northwestern Mutual is considered a citizen of the State of Wisconsin, and Defendants are each considered citizens of the State of North Carolina, and this action concerns the disposition of a $500,000 life insurance policy death benefit.

## BACKGROUND

5. Northwestern Mutual issued a term life insurance policy to Jessica Blake in 2012 (the "Policy").

6. The Policy provided, among other things, that, subject to the Policy's terms and conditions, Northwestern Mutual would pay a death benefit of $500,000 (the "Death Benefit") to the Policy's beneficiary upon Jessica Blake's death.

7. Jessica Blake originally designated Defendant Adam Blake as the Policy's primary beneficiary and Defendant Billy M. Wentz as the Policy's contingent beneficiary.

8. On or about January 30, 2018, Northwestern Mutual received a Designation of Beneficiaries form (the "First Designation Form"), apparently executed by Jessica Blake, requesting that Defendant Billy M. Wentz be designated as the sole beneficiary of the Policy.

9. In accordance with its practice, Northwestern Mutual accepted the First Designation Form indicating the sole beneficiary for the Policy had been changed from Defendant Adam Blake to Defendant Billy M. Wentz.

10. On or about April 21, 2018, Northwestern Mutual received a second Designation of Beneficiaries form (the "Second Designation Form"), apparently executed by Jessica Blake, again requesting that Defendant Billy M. Wentz be designated as the sole beneficiary of the Policy.

11. At Jessica Blake's request, Northwestern Mutual converted the Policy from a term life insurance policy to a whole life insurance policy, effective June 7, 2018.

12. Attached to this Complaint as **<u>Exhibit 1</u>** and incorporated by reference is a replica of the Policy, following the Policy's conversion to a whole life insurance policy, with the first five digits of the Policy number redacted, and without the application attached.

13. Upon information and belief, Jessica Blake died on July 2, 2020.

14. On July 3, 2020, attorney Kelly Routh sent a letter to Northwestern Mutual and advised the company that she represented Defendant Adam Blake. Ms. Routh provided Northwestern Mutual with a copy of a document labeled Separation, Property & Alimony Settlement Agreement and dated April 25, 2018, which Ms. Routh claimed Adam and Jessica Blake had executed (the "Separation Agreement").

15. Ms. Routh contended that, under Article III, Section 3.8 of the Separation Agreement, Defendant Adam Blake was entitled to the Death Benefit. That section provides as follows:

> <u>LIFE INSURANCE</u>. Each party shall become the sole and complete owner of those life insurance policies of which they are presently the owner. Each party will keep in full force and effect with the other party as the designated beneficiary his or her Northwestern Mutual Life Insurance Policy valued at $500,000.00 each until the minor child graduates from high school, the death of the minor child or the minor child turns eighteen (18), whichever occurs first. Each party shall show proof of insurance and timely payment of premium annually or upon request of the other party. Should either party fail to name the other as beneficiary under this insurance, or otherwise not keep said policy in full force and effect, each party herein binds their respective estates and directs his or her administrator and executors to make the other party a priority creditor and directs his or her administrators and executors to pay the other party out of the estate the actual death benefit that would have been due.

16. On July 21, 2020, attorney David Wright sent a letter to Northwestern Mutual via e-mail advising the company that he represented Defendant Billy M. Wentz. Mr. Wright requested that the Death Benefit be paid to his client.

3

17. Based on the facts alleged above and the conflicting claims of Defendants Adam Blake and Billy M. Wentz, Northwestern Mutual is in doubt as to whom it should pay the Death Benefit.

### CLAIM FOR RELIEF

18. Northwestern Mutual incorporates by this reference and re-alleges all of the preceding allegations of this Complaint.

19. Northwestern Mutual admits its liability under the Policy in the amount of $500,000, which Northwestern Mutual is ready, willing, and able to pay to the person or persons who may be lawfully entitled to receive it.

20. Northwestern Mutual is or may be exposed to double or multiple liability as a result of the claims of Defendants Adam Blake and Billy M. Wentz to the Death Benefit.

21. Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Northwestern Mutual is entitled to the entry of an Order restraining Defendants Adam Blake and Billy M. Wentz from commencing any action against Northwestern Mutual on the Policy, requiring them to interplead, and upon Northwestern Mutual's deposit of the Death Benefit with the Court or with another institution per the Court's direction, discharging Northwestern Mutual from all liability in this matter and dismissing Northwestern Mutual from this case.

### REQUEST FOR RELIEF

Based on the allegations above, Plaintiff Northwestern Mutual Life Insurance Company ("Northwestern Mutual") respectfully requests that the Court:

1. Order that Northwestern Mutual be permitted to deposit the Death Benefit payable under the Policy into the Court or another institution per the Court's direction;

2. Order that Defendants be restrained, individually and collectively, from commencing any action against Northwestern Mutual related to the Policy;

3. Order that Defendants interplead and settle among themselves their rights, if any, to the Death Benefit;

4. Order that, upon its deposit of the Death Benefit, Northwestern Mutual be discharged from all liability in this matter and dismissed from this case;

5. Award Northwestern Mutual its costs in this action; and

6. Award such other and further relief in Northwestern Mutual's favor as the Court deems just and proper.

This, the 8th day of September, 2020.

                                            NELSON MULLINS RILEY
                                            & SCARBOROUGH LLP

                                            By: s/ Thomas G. Hooper
                                                Thomas G. Hooper
                                                N.C. State Bar No. 25571
                                                301 South College Street, Suite 2300
                                                Charlotte, North Carolina 28202
                                                Telephone: (704) 417-3000
                                                Facsimile: (704) 377-4814
                                                Email: tom.hooper@nelsonmullins.com

                                                *Attorneys for Plaintiff*